UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANDREW EVERETT
PLAINTIFF

VS.                                                                                  CASE NO.

CARLOS DEL TORO,
SECRETARY OF THE NAVY,                                       JURY TRIAL
DEFENDANT

---

## COMPLAINT

Comes now ANDREW EVERETT, Plaintiff, by and through Cecile M. Scoon, his undersigned attorney, and for his cause of action against Defendant, Carlos Del Toro, Secretary of the Navy, Inc. (hereinafter referred as " Sec. of Navy" and alleges as follows:

1. This action is for compensatory damages greater than $100,000.00, injunctive relief and attorney fees and costs.

2. The allegations asserted in this complaint arose in Bay County.

3. Plaintiff is a member of a suspect class in that he is African American.

4. Plaintiff was well qualified for his job and had received positive work evaluations.

5. Plaintiff was an employee or applicant for employment of a contractor for the Sec. of Navy and as such was a member of a group protected from discrimination and retaliation under 42 USC 2000 et seq.

6. Plaintiff sought a job from a contractor of Sec. of Navy, and was initially hired for the job as a printer.

7. The selection official, Donald McCall is White male.

8. Th selection official, Donald McCall secretly provided information about converting a contracting position to a Navy position to a White female named Janice Grant.

9. The selection official, Donald McCall secretly provided information to Janice Grant about immediately converting the new Navy position into a Schedule A position that could only go to a person with a disability.

10. The selection official, Donald McCall secretly provided information to a White female named Janice Grant to tell her to apply for a Schedule A rating so that she could get the newly created Navy position.

11. The selection official, Donald McCall told the White female, Janice Grant, to keep the knowledge about the soon to be created new Navy job, a secret.

12. The selection official, Donald McCall only told Janice Grant about the soon to be created new Navy job.

13. The selection official, Donald McCall only told Janice Grant about converting the soon to be created new Navy job into a Schedule A job that would be set aside for a person with a disability.

14. The selection official, Donald McCall only told Janice Grant about obtaining a disability rating so that she would get the converting the soon to be created new Navy job into a Schedule A job that would be set aside for a person with a disability.

15. The selecting official never told Plaintiff that he was going to convert a contracting job into a Navy job.

16. In fact, the contractor had hired Plaintiff into what had been a long-term contractor position.

17. The contractor was also unaware that the position as a printer was going to be converted to a Navy position.

18. Plaintiff never had a chance to apply for the newly created Navy position as he was not told that the Navy position even existed.

19. Plaintiff was qualified to perform the duties of the contract position and the newly created Navy position as the positions were almost identical and Plaintiff had been doing similar work with a pervious contractor on the base.

20. The selecting official, Donald McCall, violated Navy guidelines and regulations when he essentially pre-selected the person who would receive the Navy job in such a way that Plaintiff could never compete for the job.

21. The selecting official was aware of Plaintiff's race, which was African American.

22. The selecting official was aware of Janice Grant's race which was white.

23. The selecting official was aware that the contractor had hired Plaintiff for the contracting printer job.

24. The selecting official well knew that he was removing any ability for an African American employee to compete for the visual printer position.

25. The selecting official well knew that he was removing any ability for an African American employee to be hired for the newly created Navy position.

26. The selecting official well knew that he was harming an African American employee when he removed the job that Plaintiff had applied for and received.

27. Plaintiff meets the criteria to prove a case of discrimination in that:

    a. He is a member of a protected class, African American,

    b. He was qualified for a position, in that he had performed the job and was hired to do it by the new contractor,

    c.  A white person was given preferential treatment in that she was given secret information that meant that she was the only one to apply for the newly created Navy job.

    d.  Plaintiff was treated adversely and lost a job.

28. This court has jurisdiction of these claims pursuant to Title VII, 42 USC 2000 <u>et seq</u>.

29. At all times relevant to this Complaint, the Defendant Sec. of Navy has been an employer within the meaning of the definition of "employer" under 42 USC 2000 e <u>et seq</u> .

30. The Defendant's manager's actions completely controlled Plaintiff's employment with the Navy.

31. The Defendant's manager's actions completely controlled Plaintiff's employment with the the contractor.

32. Plaintff is <u>sui juris</u>.

33. Plaintiff is an adult and a citizen of the United States and was a resident of the County of Bay, State of Florida, during all times pertinent to this lawsuit.

34. Plaintiff was treated unfairly by the Defendant when he insured that another person would get Plaintiff's job.

35. Plaintiff was unfairly denied the opportunity to compete that was given only to a white woman.

36. Plaintiff was employed in Bay County, Florida, by Defendant, Sec. of Navy, and all actions and omissions of employment and all employment records relevant to this action are or were maintained in Bay County, Florida.

37. At all times herein mentioned, the Defendant, Sec. of Navy, acted by and through its duly authorized servants, agents, and employees such as Defendant Sec. of Navy's management and supervisors, who were acting within the scope of their employment.

38. Plaintiff complained about the discriminatory treatment to the EEO office and to his supervisors.

39. Plaintiff has fulfilled all condition precedent, and has exhausted all administrative remedies as follows:

    a. Plaintiff met with the EEO counselor within 45 days of learning that his job was given to white woman by Donald McCall who was a Navy manager.

    b. Plaintiff filed a written formal complaint with the EEO office in a timely manner

    c. Plaintiff filed a request for a hearing.

    d. The Administrative Judge granted summary judgment against Plaintiff .

    e. Plaintiff did not receive a copy of the Final Order as the Agency sent it to the wrong address.

    f. Plaintiff appealed the Final order after he received it.

    g. Plaintiff, through his counsel, received the Final Order on his claim on or about June 25, 2022.

    h. Plaintiff brought suit within 90 days after receipt of the Final Order as required by 42 USC 2000 et. seq.

40. All actions taken in this matter were taken by the Defendant and Defendant should be held liable to pay the damages inflicted by its wrongful behavior.

41. As a consequence of the Navy manager's actions, Plaintiff has endured pain and suffering, humiliation, financial harm, lost wages, and lost future retirement benefits.

42. Plaintiff has hired the undersigned attorney to bring this cause of action.

43. Plaintiff is obligated to pay the undersigned reasonable attorney's fees and costs and Defendant, Sec. of Navy, should be liable for the same.

WHEREFORE, Plaintiff respectfully prays that this Court grant the Plaintiff judgment against Defendant for and including full compensation, back pay, adverse terms, conditions and privileges of employment, and more particularly, of mental suffering, pain and anguish, loss of sleep, humiliation, loss of enjoyment of life, and full attorney's fees and for such other relief as the Court may deem just and equitable. Plaintiff requests a jury trial.

<u>Cecile M. Scoon /s/</u>
Cecile M. Scoon, Esq.
FL Bar# 834556
25 East 8th Street
Panama City, FL 32401
Telephone: (850) 769-7825
Fax: (850) 215-2697
Email: cmscoon1@knology.net
Attorney for Plaintiff